IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAMES W. EDDY,                          §
BOP Register No. 23653-045,             §
                                        §
            Petitioner,                 §
                                        §
V.                                      §        No. 3:20-cv-3358-K-BN
                                        §
ZOOK, Warden,                           §
                                        §
            Respondent.                 §

## MEMORANDUM OPINION AND ORDER

Petitioner James W. Eddy, a federal prisoner incarcerated at a facility in this
district, has filed a *pro se* application for writ of habeas corpus under 28 U.S.C. §
2241, challenging a disciplinary proceeding that he alleges resulted in the loss of 27
days of good time credit. *See* Dkt. No. 3. His case has been referred to the undersigned
United States magistrate judge for pretrial management under 28 U.S.C. § 636(b)
and a standing order of reference from United States District Judge Ed Kinkeade.

And, because the Federal Bureau of Prison's (BOP) website reflects that Eddy's
release date is January 13, 2021, the Court has accelerated its consideration of his
claims by ordering that the United States Attorney for this district file an expedited
response to Eddy's Section 2241 petition by December 14, 2020. *See* Dkt. No. 7.

Eddy has now filed a Motion for Subpoena Duces Tecum, to obtain written
discovery from the BOP [Dkt. No. 8]; a motion to modify the requirements of Federal
Rule of Civil Procedure 5(b)(2) to relieve him of the requirement to serve a copy of his
pleadings on Respondent [Dkt. No. 9]; and a motion to compel the BOP to grant him

expanded law library access [Dkt. No. 10].

## I.     Motion for Subpoena Duces Tecum

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Reed v. Quarterman*, 504 F.3d 465, 471-72 (5th Cir. 2007) (citing *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)); *see also Scott v. Michael*, Civ. A. No. 08-1262, 2009 WL 307791, at *4 (E.D. La. Feb. 6, 2009) ("A habeas petitioner is entitled to invoke all applicable federal rules of discovery, however, it is within the district judge's discretion and subject to the requirement of good cause shown as to whether to allow discovery." (citing RULE 6(a), RULES GOVERNING SECTION 2254 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS)).

> "The habeas petitioner is entitled to discovery only where "good cause" is shown. [*Bracy*, 520 U.S. at 904.] The Supreme Court has held that good cause is shown where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief." *Harris v. Nelson*, 394 U.S. 286, 300 (1969).

*Reed*, 504 F.3d at 471-72; *see also Thompson v. Stephens*, Civ. A. No. H-13-1900, 2014 WL 2765666, at *2 (S.D. Tex. June 18, 2014) ("A court may authorize discovery only when a petitioner's substantive claims 'establish [ ] a *prima facie* claim for relief," and his factual allegations are specific, 'as opposed to merely speculative or conclusory[.]'" (quoting *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000); footnote omitted)).

The rules governing Section 2254 proceedings, including Habeas Rule 6, generally apply to proceedings under 28 U.S.C. § 2241. *See* RULE 1(b), RULES GOVERNING SECTION 2254 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *Ortloff v. Fleming*, 88 F. App'x 715, 717 (5th Cir. 2004) (per curiam) ("This court has

held, in a 28 U.S.C. § 2254 case, that conclusional allegations do not entitle a petitioner to discovery and that Rule 6 of the Rules Governing Section 2254 Cases 'does not authorize fishing expeditions.' There is no valid reason why the law should be different for discovery in a 28 U.S.C. § 2241 habeas case such as this." (citation omitted)).

And consideration of Eddy's discovery motion begins with an established premise: "Federal habeas review of the sufficiency of the evidence to support a disciplinary conviction is extremely limited. Due process requires only 'some evidence to support the findings made in the disciplinary hearing.'" *Hunnicutt v. Stephens*, No. 3:14-cv-885-G-BN, 2014 WL 2619856, at *2 (N.D. Tex. June 12, 2014) (quoting *Superintendent, Mass. Corr. Institution v. Hill*, 472 U.S. 445, 457 (1985); citing *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. Unit A Oct. 1981) (a court must determine whether "any evidence at all" supports disciplinary action taken by prison officials)); *see Pruitt v. Martin*, 582 F. App'x 319, 320 (5th Cir. 2014) (per curiam) ("[A] disciplinary proceeding comports with due process if ... there is 'some evidence' in the record to support the disciplinary conviction." (citing *Richards v. Dretke*, 394 F.3d 291, 294 (5th Cir. 2004))); *see, e.g.*, *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898-99 (5th Cir. 2000) ("Given that there was 'some evidence' supporting the punishment, and that there would still be 'some evidence' even if Henson obtained a contradictory result from a retest, Henson had no due process right to retest the pipe." (internal citation and footnote omitted)).

Under this premise, and because the government has yet to respond to the

habeas petition, that Court cannot conclude (a least yet) that Habeas Rule 6 authorizes the written discovery Eddy seeks. The Court therefore DENIES the Motion for Subpoena Duces Tecum [Dkt. No. 8].

## II.       Motion for Modification of the Service Requirements

Eddy explains that his being placed in quarantine at his facility has hampered his ability to make copies of his pleadings to serve copies on Respondent. *See* FED. R. CIV. P. 5(b)(2). Given the expedited nature of this proceeding and the "some evidence" standard discussed above, the undersigned does not anticipate that Respondent will need to respond to numerous filings made by Eddy. Accordingly, the Court GRANTS his motion to modify the service requirements [Dkt. No. 9] to the extent that Eddy's filing his pleadings with the Court will be enough to serve Respondent.

## III.       Motion for Greater Law Library Access

Eddy explains that he has requested that his unit counselor provide him two hours of law library access daily (90 minutes more than he has now) but that he "has yet to receive any response." Dkt. No. 10. He therefore requests that the Court intervene to up his access. Again, given the expedited nature of his proceeding and the controlling "some evidence" standard, the Court will not intervene to micromanage a prison grappling with a global pandemic where, like here, there has been no showing of a constitutional violation. *Cf. Garrett v. Stephens*, No. 2:13-CV-70, 2016 WL 2956405, at *2 (S.D. Tex. May 23, 2016) (in the context of a request for a preliminary injunction, holding that "Plaintiff has failed to show that his interest in additional law library time outweighs the interest of the prison in maintaining

safety and security at the prison" and "[o]rdering the law library personnel to adhere to a specific schedule of law library time would utilize valuable prison resources, and it would not serve the public's interest for the courts to micro-manage the movement and assignment of prisoners" (citation omitted)).

 SO ORDERED.

 DATED: December 1, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE