IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES W. EDDY, <br> BOP Register No. 23653-045, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:20-cv-3358-K-BN |
| ZOOK, Warden, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner James W. Eddy, a federal prisoner at the time incarcerated at a facility in this district, filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2241, asserting that a Disciplinary Hearing Officer took 27 days of Eddy's good time credit without sufficient evidence. *See* Dkt. No. 3.

United States District Judge Ed Kinkeade referred Eddy's case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Because the Federal Bureau of Prison's (BOP) website reflected that Eddy's release date is January 13, 2021, the Court accelerated its consideration of his claims by ordering that the United States Attorney for this district file an expedited response to Eddy's Section 2241 petition by December 14, 2020. *See* Dkt. No. 7. That office responded, opposing relief. *See* Dkt. Nos. 19 & 20. Eddy replied. *See* Dkt. No. 21. And, on January 7, 2021, the undersigned entered findings of fact and conclusions of law recommending that the Court deny Eddy habeas relief [Dkt. No. 22] (the Habeas

FCR).

The deadline to object to the Habeas FCR has not expired, *see* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b), so the Court has not ruled on the undersigned's recommendation. But, on January 14, the government notified the Court that Eddy has been released from BOP custody. *See* Dkt. No. 23.

While Eddy "satisfied the jurisdictional 'in custody' requirement for purposes of pursuing relief under § 2241 at the time [he] filed [his] petition," *Herndon v. Upton*, ___ F.3d ___, No. 19-11156, 2021 WL 116535, at *2 (5th Cir. Jan. 13, 2021) (citing 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)), he "must separately satisfy the case-or-controversy requirement of Article III, Section 2 of the Constitution," *id.* (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)), because a federal court's jurisdiction is "constrained to adjudicating 'actual, ongoing controversies between litigants,'" *id.* (quoting *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988)).

"'In order to maintain jurisdiction, the court must have before it an actual case or controversy at all stages of the judicial proceedings.' 'A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Id.* (citations omitted); *see also Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1189 (D. Colo. 2014) ("An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.' A case becomes moot if an event occurs during the pendency of the action 'that makes it impossible for the court to grant any effectual relief whatever to a prevailing party.'" (citations omitted)).

Eddy's release from BOP custody is such an event, mooting his Section 2241

petition. *See, e.g., Green v. Maiorana*, 599 F. App'x 557, 558 (5th Cir. 2015) (per curiam) ("Green's petition does not challenge his conviction which carries collateral consequences even after release. Instead, Green's petition alleges purported errors that occurred after he was sentenced, for which he seeks the restoration of lost good time credit and restoration of his classification level. Because Green was released in January 2015, this court can no longer provide him with that relief." (citations omitted)); *Watkins v. Garrett*, 514 F. App'x 443, 444 (5th Cir. 2013) (per curiam) ("Watkins is 'in custody' for purposes of pursuing federal habeas relief because he was incarcerated at the Federal Correctional Complex in Beaumont, Texas, when he filed the instant § 2241 petition, and he is currently serving a four-year term of supervised release The relevant inquiry, however, is whether Watkins satisfies the case-or-controversy requirement of Article III, section 2 of the Constitution. Watkins did not seek reduction of supervised release under § 3583(e) in district court; and, the court lacked jurisdiction to consider reduction because Watkins was sentenced in the Northern District of Florida, and no transfer of jurisdiction was effected. Further, he has not shown the disciplinary action will cause him to suffer adverse consequences." (citations omitted)); *Scott v. Holt*, 297 F. App'x 154, 156 (3d Cir. 2008) (per curiam) ("Because he has served his complete term of imprisonment, Scott cannot show some concrete and continuing injury from the loss of good time credits. Good time credits do not function as a commutation of a sentence. Rather, 'the only function of good time credits is to determine when, in the absence of parole, the prisoner is to be conditionally released on supervision. Once an offender is conditionally released from

imprisonment, ... the good time earned during that period is of no further effect.'" (quoting 28 C.F.R. § 2.35(b); citing 28 C.F.R. § 523.2(c) ("Once an inmate is conditionally released from imprisonment, either by parole, including special parole, or mandatory release, the good time earned (extra or statutory) during that period of imprisonment is of no further effect."))).

## Recommendation

The Court should dismiss this action as moot.

And any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 15, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE